IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Jennifer Axtell,

    Plaintiff,

v.

First Premier Bank,

    Defendant.

Civil Action No.: 2:14-cv-13071

**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Jennifer Axtell, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Jennifer Axtell ("Plaintiff"), is an adult individual residing in Corunna, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant First Premier Bank ("FPB"), is a South Dakota business entity with an address of 601 S. Minnesota Avenue, Siox Falls, South Dakota 57104-4824, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5. In or around January of 2014, FPB started calling Plaintiff's cellular telephone, number 989-xxx-7119, in an attempt to collect a consumer debt allegedly owed by Plaintiff.

6. At all times mentioned herein, FPB contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When Plaintiff answered FPB's calls, she heard a prerecorded message instructing Plaintiff to hold for the next available representative.

8. During a live conversation in February of 2014, Plaintiff informed FPB that there was a payment arrangement in place and that Plaintiff was making agreed upon monthly payments, and as such, demanded that all calls to her cease immediately.

9. Thereafter, despite having been so informed and directed to cease communications, FPB continued placing automated calls to Plaintiff's cellular telephone on a daily basis.

10. FPB originally had Plaintiff's express consent to call her cellular telephone, however Plaintiff revoked her consent during the conversation in February of 2014. Accordingly, FPB no longer had Plaintiff's consent to place automated calls to her cellular telephone.

11. Nonetheless, FPB continued to place automated calls to Plaintiff's cellular telephone.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, *ET SEQ*.**

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14. Defendant continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

18. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 7, 2014

        Respectfully submitted,

        By: <u>/s/ Sergei Lemberg, Esq.</u>
        Attorney for Plaintiff Jennifer Axtell
        LEMBERG LAW, L.L.C.
        1100 Summer Street
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:   (888) 953-6237
        Email: slemberg@lemberglaw.com